# MERCEDES RIVERA ET AL.

## *v.*

# SUN LIFE ASSURANCE COMPANY OF CANADA.

San Juan, Law, No. 498. On Rehearing.

1. The fact that the court did not give defendant an opportunity to present other testimony, merely cumulative in character, is not ground for a new trial.

2. That defendant did not have the benefit of certain testimony, when, as a matter of fact, it did not offer to introduce it, is not a ground for a new trial.

3. Defendant, as found by the court in the main case, having, through its general agents, during the life of deceased, accepted from him an overdue premium and a certificate of good health, which they led him to believe would continue his policy in force for some six months thereafter, cannot escape liability or obtain a new trial by now offering to show that the money was tendered back to his wife, and that she refused to receive it, a month after the death of the insured.

4. The court having requested counsel to file a brief, and that request not having been complied with, his client cannot request a new trial because no such brief was filed.

Order filed March 14, 1908.

*Mr. Cay. Coll y Cuchí,* for plaintiffs.

Note.—As to cumulative evidence as ground for new trial, see note to Washington v. Stowe, 14 L.R.A. 609.

Rivera v. Sun Life Assurance Co.

*Mr. Thomas D. Mott, Jr.,* for defendant.

Order by RODEY, Judge:

This is an action at law for the recovery on an insurance policy. The case was tried by the court by stipulation of the parties without a jury. After mature consideration of all the facts and the law, we filed our opinion on the 8th day of February, 1908, finding for the plaintiffs in the sum of $2,889, and judgment was entered for that sum. On the 10th of February the plaintiffs filed a præcipe for execution. On the 15th of February, defendant's attorney, without filing any formal paper, signified his intention to take action against the execution. Whereupon, the opposing counsel procured the setting of the hearing in that behalf for the 21st of February. On the 21st of February, what is really a motion for a new trial, although it is entitled a motion to set aside the judgment, was filed. It sets out that the defendant was not given an opportunity to present the testimony of other witnesses to corroborate the testimony of Pedro Gandia as to the conversation had between said Gandia and the insured, and particularly as to the point that the insured was given to understand that the policy in question would not and could not be revived until the defendant company, at its home office in Montreal, had accepted the application, etc., etc. It further sets out that the defendant was not given an opportunity to show that the money alleged to have been paid as the last premium was tendered back to the wife of the deceased on the 9th of August, 1907, and that she refused to accept the same; and, further, that no opportunity was given counsel for the defendant to argue the law and the facts in-

volved in the case, or to file a brief, and because, as alleged, the court has misapprehended the evidence in several particulars.

An affidavit is filed in support of the motion, signed by H. H. Scoville, former clerk of this court, setting out that, at the end of the trial, the court stated to counsel for defendant that it did not care to hear anything from him further, and that it stated to counsel for plaintiffs that the burden was on him to convince the court of his right to recover, and gave him a certain number of days to file a brief; that then, turning to counsel for defendant, the court said that it clearly understood his position, and would not require him to file any brief, but, if it desired to have him file a brief after reading that of counsel for plaintiffs, he would be notified of that fact.

On the 21st of February, a full hearing was had on this motion, by counsel for both parties. As to the first point made, about defendant not having been given an opportunity to present additional testimony, from the statement made at the hearing as to its character, it is our opinion that it would be merely cumulative, and not of a class that would add any to the weight of the testimony already in of the same kind.

As to the second point, that the defendant was not given an opportunity to show the tender of the return of the money, which the court, on the evidence, found to be paid as a last premium, to deceased's wife on August 9, 1907, and her refusal to receive the same, we have to say that the statement that defendant had no opportunity to show that has no foundation in fact, because defendant was not so denied an opportunity to show that fact, nor did its counsel even request it, but, even if he had actually introduced evidence as to that, it would not, in our opinion, alter the liability of the company. To tender this money back nearly a month after the death of deceased could

Rivera v. Sun Life Assurance Co.

not, in law, affect defendant's liability on the facts here. Defendant, we think, became liable when it received the money.

As to the third point, that counsel was not given an opportunity to file a brief in the cause, the statement as to that in the motion is true. We did so state that it would be unnecessary for counsel for defendant to file a brief until after we had seen that of the other side. But, as soon as we did see that of the other side, we caused the clerk of the court to inquire of counsel for defendant by 'phone if he desired to file any brief in the case; that we had examined the brief for the other side, and were inclined to agree with it. He did not reply satisfactorily and still failed to file any, so we do not think he was deprived of any right, especially as we have become convinced that it would not have changed our views, as an examination of the law convinces us that our judgment heretofore rendered was right.

We do not think counsel for defendant in this case was guilty of any negligence in regard to the rights of his client. He made all the case he could make for it, and his offer to now produce immaterial and cumulative evidence cannot avail his side of the cause. It is not only bad practice, but bad policy, and, save in exceptional cases, wholly against the rights of the other side in any cause, to permit one of the parties, after the court has filed an opinion on the facts and law in the case, to come in and try the case over again when all the witnesses interested can see, by the court's opinion, wherein their former testimony failed to avail their side. This is especially so in cases like this, where the party complaining was not in fact prevented from, but did in fact fully submit all the material proofs in his case on the trial.

We do not think we have misapprehended the evidence in the

cause at all; and believing that our judgment on the facts and law was right, the motion to set aside the judgment or for a new trial, whichever it can be denominated, will be, and it is hereby, overruled; and the judgment as entered will be permitted to stand.